# IN THE COURT OF APPEALS OF IOWA

No. 15-1724
Filed November 9, 2016

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**CHRISTOPHER TODD TUSLER,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Floyd County, Peter B. Newell, District Associate Judge.

        Christopher Tusler appeals the district court's denial of his motion to suppress. **AFFIRMED.**

        David A. Kuehner of Eggert, Erb, Mulcahy & Kuehner, P.L.L.C., Charles City, for appellant.

        Thomas J. Miller, Attorney General, and Kevin Cmelik, Assistant Attorney General, for appellee.

        Considered by Potterfield, P.J., and Doyle and Tabor, JJ.

**POTTERFIELD, Presiding Judge.**

**I. Background Facts and Proceedings.**

On November 21, 2014, Deputy Dan Sargent and Reserve Deputy Lucas Johnson of the Floyd County Sheriff's Office were on routine patrol, conducting building checks along Old Highway Road. Deputy Sargent testified he and Reserve Deputy Lucas saw a van driving towards them with only one headlight illuminated. While testifying, Deputy Sargent could not remember which headlight was not operating, but Reserve Deputy Lucas said it was the one on the driver's side. Deputy Sargent testified this was the basis for pulling Christopher Tusler over.

Once pulled over, according to Deputy Sargent's testimony, Tusler indicated his driver's license was suspended and handed the officers an identification card. Deputy Sargent stated he smelled alcohol coming from Tusler and noticed Tusler had watery, bloodshot eyes. The deputies administered field sobriety tests and noted he exhibited several clues of intoxication. Tusler also submitted to a breath test, which indicated a blood alcohol content of .130.

Tusler was charged by trial information on December 2, 2014, for violating Iowa Code section 321J.2 (2013), operating while intoxicated, third or subsequent offense. On March 6, 2015, Tusler filed a motion to suppress the evidence obtained during what he contended was an illegal traffic stop. In support of this contention, Tusler introduced into evidence photographs taken at a gas station mere minutes before being pulled over that show both headlights were on and functioning. Tusler also testified at the suppression hearing that the lights were working that night and continued to work after the incident without any

repairs being done to the lights. The court denied Tusler's motion to suppress, finding the officers' testimony credible.

Tusler was convicted after a trial on the minutes of testimony on August 4, 2015. On October 8, 2015, the court entered judgment and sentenced him to an indeterminate five-year prison sentence. The court also ordered him to pay fines and attend classes, and suspended his driver's license.

Tusler now appeals the denial of his motion to suppress.

## II. Standard of Review.

We review Tusler's claim the district court should have granted his motion to suppress on federal and state constitutional grounds de novo. *See State v. Lane*, 726 N.W.2d 371, 377 (Iowa 2007). In doing so, we consider the entire record and independently evaluate the totality of the circumstances. *See State v. Turner*, 630 N.W.2d 601, 606 (Iowa 2001). "We give deference to the district court's fact findings due to its opportunity to assess the credibility of witnesses, but we are not bound by those findings." *Id.*

## III. Discussion.

On appeal, Tusler alleges there was no evidence presented by the State that showed Tusler was operating his vehicle on a *public* street or highway at the time the deputies pulled him over. He contends that without proof he was driving on a public road without headlights or alternate lights on his vehicle, he did not violate Iowa law[1] and deputies could not have legally pulled him over.

---

[1] Tusler refers to Iowa Code section 321.384, which states, "Every motor vehicle upon a highway within the state, at any time from sunset to sunrise . . . shall display lighted headlamps," and to section 321.418 which states:

The State claims Tusler failed to preserve error regarding his argument the State failed to prove the incident occurred on a public road. In his motion to suppress and at the hearing, the State contends Tusler only argued the State failed to prove his vehicle's headlights were not on at the time he was pulled over.

The Fourth Amendment of the United States Constitution and article 1, section 8 of the Iowa Constitution protect the right of people to be free from unreasonable searches and seizures. "A traffic stop is permissible under our Iowa and Federal Constitutions when supported by probable cause or reasonable suspicion of a crime." *State v. McIver*, 858 N.W.2d 699, 702 (Iowa 2015). "When a peace office observes any type of traffic offense, the violation establishes both probable cause to stop the vehicle and reasonable suspicion to investigate." *Id.* (citing *State v. Harrison*, 830 N.W.2d 362, 365 (Iowa 2014)).

Tusler failed to preserve error on his claims concerning whether the State proved he was driving on a public road or had alternate lighting. *See State v. Trice*, No. 15-0437, 2016 WL 2745914, at * 2 (Iowa Ct. App. May 11, 2016) (citing *State v. Rains*, 574 N.W.2d 904, 914 (Iowa 1998) (finding, on an appeal from the denial of a motion to suppress, an issue raised on appeal but not raised in the motion to suppress or at trial is not preserved for appellate review)). Tusler has changed his original argument in his motion to suppress to his argument now

---

Any motor vehicle may be operated under the conditions specified in section 321.384 when equipped with two lighted lamps upon the front thereof capable of revealing persons and objects seventy-five feet ahead in lieu of lamps required in sections 321.409 and 321.415, or section 321.417, provided, however, that at no time shall it be operated at a speed in excess of twenty miles per hour.

on appeal. As noted, he first argued the State did not prove one headlight was out at the time he was stopped by the deputies; now he argues the State did not prove he was driving on a public road or with alternate lighting at the time he was stopped by deputies. Because neither of the new issues was raised to, or decided by, the district court, they are not preserved and we decline to address them. *See State v. Lawler*, 571 N.W.2d 486, 491 (Iowa 1997).

However, even if the claim had been properly preserved, Tusler conceded the public-road issue in his motion to suppress. In that motion, Tusler stated his vehicle was stopped at "Old Highway Road (S. Grand or Shadow Avenue) and the Avenue of the Saints (Highway 18)." Our code defines street or highway as "the entire width between property lines of every way or place of whatever nature . . . is open to the use of the public, as a matter of right, for purposes of vehicular traffic." Iowa Code § 321.1(78). By Tusler's own admission, it is clear both are public roadways. And because Tusler presented photos of his vehicle to the district court, he proved there was no alternate lighting to support his claim.

Having determined Tusler failed to preserve the issues for our review, we affirm the district court's denial of his motion to suppress.

**AFFIRMED.**